IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
CIVIL ACTION NO. 3:25-CV-874-FDW-SCR

| | |
|---|---|
| **JARIN M. WRAY,**<br><br>　　　　　　　　　　　　**Plaintiff,**<br><br>v.<br><br>**APPLE INC., ET AL.,**<br><br>　　　　　　　　　　　　**Defendants.** | **MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT APPLE INC.'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT FOR LACK OF SUBJECT MATTER JURISDICTION OR, ALTERNATIVELY, FOR FAILURE TO STATE A CLAIM** |

**NOW COMES** Defendant Apple Inc. ("Apple"), by and through undersigned counsel, pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), LCvR 7.1, and the Standing Order Governing Civil Case Management Before the Honorable Judge Frank Whitney, and respectfully submits this Memorandum of Law in Support of its Motion to Dismiss Plaintiff's Complaint for Lack of Subject Matter Jurisdiction or, Alternatively, for Failure to State a Claim (the "Motion') and states as follows in support thereof:

**BOTTOM LINE UP FRONT**

Pro se Plaintiff brings claims against Defendants for "engag[ing] in fraud schemes with China" pursuant to 18 U.S.C. §§ 1014, 1344, 1031, and 1956, along with a reference to "China Owned / Shell Companies." The Complaint contains no factual allegations specific to Apple and relies solely on a conclusory assertion that all Defendants engaged in unidentified "fraud schemes," providing no intelligible basis for a plausible civil claim. [D.E. 1 at 4]. Plaintiff's exclusive reliance on criminal statutes and his requests for "[i]mmediate payment of $50M" and cessation of "criminal actions against the U.S." make clear that he asserts no coherent civil claim. Id.

1

The Court should grant Apple's Motion for three alternative grounds, each of which alone warrant the Court's dismissal. First, Plaintiff has not established federal question jurisdiction under 28 U.S.C. § 1331 because he seeks to bring criminal charges on behalf of the United States in a civil suit under Title 18, which he lacks standing to do. See Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973); see also Gittens v. Wilson, No. 3:22-CV-00165-FDW-DCK, 2023 WL 149115, at *2 (W.D.N.C. Jan. 10, 2023) (unpublished), aff'd sub nom. Gittens v. Higdon, No. 23-1053, 2023 WL 4797615 (4th Cir. July 27, 2023) (unpublished) ("Plaintiff simply does not have standing to bring criminal charges in a civil case."). Second, even if jurisdiction were assumed, the Complaint fails to state any claim for relief because none of the cited statutes provide a private right of action, except 18 U.S.C. § 1031, which applies only to employee whistleblowers, a category Plaintiff does not and cannot satisfy. Fed. Sav. & Loan Ins. Corp. v. Reeves, 816 F.2d 130, 137 (4th Cir. 1987) (18 U.S.C. § 1014 does not provide a private right of action); Hilgeford v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pa., No. 3:08-CV-669, 2009 WL 302161, at *4 (E.D. Va. Feb. 6, 2009) (unpublished), aff'd sub nom. Hilgeford v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pa., 333 F. App'x 784 (4th Cir. 2009) (unpublished) (18 U.S.C. § 1344 does not provide a private right of action); Jones v. Graziano, No. 16-CV-2478-GLR, 2017 WL 4465171, at *2 n.2 (D. Md. June 23, 2017) (unpublished), aff'd, 708 F. App'x 132 (4th Cir. 2018) (unpublished) (18 U.S.C. § 1956 does not provide a private right of action); see 18 U.S.C. § 1031 (authorizing a civil action only where an individual has been "discharged, demoted, suspended, threatened, harassed, or in any manner discriminated against in the terms and conditions of employment by an employer because of lawful acts done by the employee."). Third, the Complaint is independently subject to dismissal because Plaintiff's allegations are unintelligible and wholly insufficient to satisfy Rule 8 or the plausibility standard Twombly and Iqbal require.

Defendant Apple therefore respectfully requests the Court to dismiss Plaintiff's Complaint with prejudice and enter judgment in favor of Apple.

## PROCEDURAL AND FACTUAL BACKGROUND

On October 30, 2025, Plaintiff filed a Complaint against Apple Inc., Tesla Inc., Amazon.com Inc., and Meta Platforms, Inc. [D.E. 1]. Plaintiff asserts federal question jurisdiction and identifies the following as the basis for that jurisdiction:

> 18 U.S. Code § 1014 – False Statements
> 18 U.S. Code § 1344 – Bank Fraud
> 18 U.S. Code § 1031 – Major Fraud Against the United States
> 18 U.S. Code § 1956 – Laundering of Monetary Instruments
> China Owned / Shell Companies

Id. at 3.

Plaintiff's Statement of Claim consists of a single summary paragraph in which he alleges that Defendants were "engaged in fraud schemes with China." Id. at 4. Plaintiff also appears to reference another lawsuit he filed in this District[1] and asserts that his "analysis" in that case "included the inner circle of" Defendants. Id. In the section describing his requested relief, Plaintiff seeks, among other things, "immediate payment of $50M," and "no further criminal actions against the U.S." Id. In the portion of the Complaint stating the amount in controversy, Plaintiff states that Defendants "successfully executed business fraud schemes in China's interest against the U.S." and that the "American judiciary system failed to detect the fraud," allowing those schemes to expand. Id.

## LEGAL STANDARDS

### I. Federal Rule of Civil Procedure 12(b)(1)

---

[1] Plaintiff references Wray v. RTX Corporation, No. 3:25-cv-00656-MOC-SCR, which Judge Cogburn Jr. dismissed on October 20, 2025, upon granting Defendant's Motion to Dismiss for lack of any private right of action under the statutes invoked and for failure to state a claim. See Order, No. 3:25-cv-00656-MOR-SCR, D.E. 20 (W.D.N.C. Oct. 20, 2025).

3

"Federal Rule of Civil Procedure 12(b)(1) authorizes dismissal of a complaint for lack of jurisdiction over the subject matter or if the plaintiff lacks standing to bring a claim." Gittens, 2023 WL 149115, at *2. Because federal courts are courts of limited jurisdiction, "there is no presumption that the court has jurisdiction." Pinkley, Inc. v. City of Frederick, MD., 191 F.3d 394, 399 (4th Cir. 1999). The plaintiff bears the burden of establishing that subject matter jurisdiction exists, and the "facts providing the court jurisdiction must be affirmatively alleged in the Complaint." Id.

Whether the Court possesses subject matter jurisdiction is a threshold question that must be resolved before reaching the merits. Jones v. Am. Postal Workers Union, 192 F.3d 417, 422 (4th Cir. 1999). When a district court lacks jurisdiction over an action, the action must be dismissed. Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). This issue may be raised at any time, by any party, or by the Court sua sponte. Ellenburg v. Spartan Motor Chassis, Inc., 519 F.3d 192, 196 (4th Cir. 2008).

## II. Federal Rules of Civil Procedure 8 and 12(b)(6)

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to allege facts that, if true, would plausibly entitle the plaintiff to relief against the defendant. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 663. In contrast, "[w]here a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" Id. at 678 (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 557 (2007)).

In general, when considering a Rule 12(b)(6) motion to dismiss, a court must construe the factual allegations in the light most favorable to the plaintiff, see Lambeth v. Bd. of Comm'rs of Davidson Cnty., NC, 407 F.3d 266, 268 (4th Cir. 2005), but a court need not accept unsupported or conclusory factual allegations devoid of any reference to actual events, see United Black Firefighters of Norfolk v. Hirst, 604 F.2d 844, 847 (4th Cir. 1979). A court also is not obligated to accept legal conclusions couched as factual allegations. See Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 555).

### III. Pleading Standards for Pro Se Plaintiffs

While pleadings of pro se plaintiffs are "to be liberally construed," Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citation omitted), "liberal construction does not mean overlooking the pleading requirements under the Federal Rules of Civil Procedure." Seabrook v. Driscoll, 148 F.4th 264, 269 (4th Cir. 2025) (quoting Bing v. Brivo Sys., LLC, 959 F.3d 605, 618 (4th Cir. 2020)); see also Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (explaining that pro se pleadings, like counseled ones, must "contain 'more than labels and conclusions'" (quoting Twombly, 550 U.S. at 555)). Thus, "even a pro se complainant must plead 'factual matter' that permits the court to infer 'more than the mere possibility of misconduct.'" Sexton v. Skyline Membership Corp., No. 5:16-CV-00044, 2017 WL 1386019, at *1 (W.D.N.C. Apr. 12, 2017) (unpublished) (quoting Erickson, 551 U.S. at 94); accord Iqbal, 556 U.S. at 679; Pickens v. JP Morgan Chase Bank, N.A., No. 5:14-CV-00166, 2016 WL 2759726, at *3, *7-10 (W.D.N.C. May 12, 2016) (unpublished); Silvers v. Iredell Cnty. Dep't of Soc. Servs., No. 5:15-CV-00083, 2016 WL 427953, at *7 (W.D.N.C. Feb. 3, 2016) (unpublished). And, the rules governing the generous construction of *pro se* pleadings "'do[] not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based.'" Ashby v. City of Charlotte, 121 F. Supp. 3d 560, 562 (W.D.N.C. 2015) (quoting

Godfrey v. Long, No. 5:10-CT-3105-BO, 2012 WL 43593, at *1 (E.D.N.C. Jan. 9, 2012) (unpublished) (quoting Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991))) (alteration in original); see also Silvers, 2016 WL 427953, at *7.

## ARGUMENT

### I. This Court Lacks Subject Matter Jurisdiction Over Plaintiff's Complaint

#### A. Federal Question Jurisdiction

Pursuant to 28 U.S.C. § 1331, "[t]he district courts . . . have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "To determine whether a federal question exists, courts look to the well-pleaded complaint rule." JPMorgan Chase Bank, N.A. v. Mullady, No. 3:24-CV-00856-FDW-SCR, 2025 WL 2556255, at *2 (W.D.N.C. Sept. 5, 2025) (unpublished). "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of plaintiff's properly pleaded complaint." Caterpillar Inc v. Williams, 482 U.S. 386, 392 (1987); see also Columbia Gas Transmission Corp. v. Drain, 237 F.3d 366, 369-70 (4th Cir. 2001).

#### B. Plaintiff Fails to Establish Federal Question Jurisdiction Because He Is Not Authorized to Bring Criminal Charges Against Defendants Under Title 18

Plaintiff seemingly is attempting to bring criminal charges against Defendants on behalf of the United States. Plaintiff asserts federal question jurisdiction and cites four federal criminal fraud statutes as the basis for that jurisdiction: 18 U.S.C. §§ 1014, 1031, 1344, and 1956. [D.E. 1 at 3]. The cited statutes are criminal laws that prohibit various forms of fraud and money-laundering offenses. Because Plaintiff's Statement of Claim alleges that Defendants were "engaged in fraud schemes with China," the Court may reasonably interpret Plaintiff as attempting

to assert claims under the same Title 18 statutes identified in the jurisdictional section of his Complaint. Id. at 4. Plaintiff's requested relief also suggests that he seeks to deter future "criminal actions against the U.S.," and his explanation of the amount in controversy—asserting that Defendants executed "fraud schemes in China's interest against the U.S." and that the "American judiciary system failed to detect the fraud"—further indicates that he is attempting to invoke federal criminal statutes to pursue what are, in substance, criminal allegations on behalf of the United States in this civil action. Id.

However, Plaintiff is not authorized to bring criminal charges under Title 18 in a civil lawsuit. See e.g., Harris v. Charlotte Mecklenburg Police Dep't, No. 3:22-CV-182-MOC-WCM, 2022 WL 2758615, at *2 (W.D.N.C. July 14, 2022) (unpublished) (collecting cases). A private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another. Linda R.S., 410 U.S. at 619; see also Lopez v. Robinson, 914 F.2d 486, 494 (4th Cir. 1990) ("No citizen has an enforceable right to institute a criminal prosecution."). As this Court has recently explained, an individual plaintiff "simply does not have standing to bring criminal charges in a civil case." Gittens, 2023 WL 149115, at *2. The same is true here. Because Plaintiff lacks standing to invoke federal criminal statutes on behalf of the United States, his Complaint does not present any federal question, and this Court therefore lacks subject-matter jurisdiction under 28 U.S.C. § 1331.

### C. "China Owned / Shell Companies" is Not a Source of Federal Law

Plaintiff also lists "China Owned / Shell Companies" as a basis for federal question jurisdiction. [D.E. 1 at 3]. That phrase is not a source of federal law and does not present a federal question and therefore cannot confer subject-matter jurisdiction.

Accordingly, because Plaintiff lacks standing to pursue criminal charges under Title 18 and no federal question appears on the face of his Complaint, this Court lacks subject-matter

jurisdiction under 28 U.S.C. § 1331.² Pursuant to Federal Rule of Civil Procedure 12(h)(3), the Complaint therefore must be dismissed.

## II. Plaintiff Fails to State a Claim Upon Which Relief Can Be Granted

To the extent the Court concludes that Plaintiff has sufficiently invoked federal question jurisdiction, dismissal is still required under Rule 12(b)(6) because Plaintiff has not stated a cognizable claim under any statute he cites. 18 U.S.C. §§ 1014, 1344, and 1956 do not provide private rights of action and therefore cannot support any civil claims. Any attempt by Plaintiff to assert claims under § 1014, 1344, and 1956 must be dismissed with prejudice. Although 18 U.S.C. § 1031 contains a limited civil remedy available to only employee whistleblowers, Plaintiff does not fall within that category. Any claim asserted under § 1031 must likewise be dismissed with prejudice. Additionally, Plaintiff otherwise fails to state a claim upon which relief can be granted because his allegations are unintelligible and unsupported by any factual matter that could plausibly establish a legal claim. Accordingly, pursuant to Rule 12(b)(6), the Court should dismiss Plaintiff's Complaint with prejudice and enter judgment in favor of Apple.

### A. Plaintiff Cannot Assert Any Civil Cause of Action Under the Statutes He Identifies

Private rights of action to enforce federal law must be created by Congress. Alexander v. Sandoval, 532 U.S. 275, 286 (2001). Courts presume that if a federal statute does not expressly

---

² Plaintiff does not invoke diversity jurisdiction, but even if he had, dismissal would still be required because the Complaint fails to allege facts establishing diversity jurisdiction under 28 U.S.C. § 1332. Federal district courts have diversity jurisdiction "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs and is between . . . citizens of different States." 28 U.S.C. § 1332. Here, Plaintiff does not adequately plead the citizenship of any Defendant, and his demand for relief does not appear to be made in good faith or reflect a legally plausible amount in controversy. Silva v. Walt Disney World, No. 1:21-CV-912, 2022 WL 4585811, at *2 (M.D.N.C. Sept. 29, 2022) (unpublished) (quoting Thompson v. Brown, No. 7:19-CV-2504, 2019 WL 6255839, at *4 (D.S.C. Oct. 3, 2019) (unpublished) ("[A] litigant cannot establish federal jurisdiction by asserting an amount in controversy that is frivolous. . ."). Thus, even if Plaintiff attempted to proceed under § 1332, he has not satisfied the jurisdictional prerequisites, and dismissal would remain warranted.

8

create a private cause of action, one does not exist. Ormet Corp v. Ohio Power Co., 98 F.3d 799, 805 (4th Cir. 1996).

### 1. No Private Cause of Action Exists Under 18 U.S.C. §§ 1014, 1344, and 1956

Plaintiff cannot assert any civil claim under 18 U.S.C. §§ 1014, 1344, and 1956 because none of these criminal statutes provides a private right of action. Fed. Sav. & Loan Ins. Corp., 816 F.2d at 137 (holding that there is "no basis for implying a civil cause of action" from 18 U.S.C. § 1014); Ochar v. Ameris Bank, No. 1:24-CV-0995, 2024 WL 3835061, at *4 (E.D. Va. Aug. 15, 2024) (unpublished) (same); Hilgeford, 2009 WL 302161, at *4 ("[T]he bank fraud statute, 18 U.S.C. § 1344, [does not] provide[] Plaintiff a stand-alone civil cause of action); Jones, 2017 WL 4465171, at *2 n.2 ("Under federal law, money laundering is crime codified at 18 U.S.C. § 1956 (2012). There is no private civil cause of action for money laundering."). Absent a private cause of action, Plaintiff cannot state any cognizable claim under §§ 1014, 1344, or 1956, and any claim purportedly brought under those statutes must be dismissed with prejudice.

### 2. The Limited Private Cause of Action Under 18 U.S.C. § 1031 Does Not Apply

Plaintiff cannot assert a civil claim under 18 U.S.C. § 1031 because the statute provides a private right of action only for employee whistleblowers, and Plaintiff does not allege that he is—or ever was—an employee of Defendant Apple or any other Defendant. Section 1031 authorizes a civil action only where an individual has been "discharged, demoted, suspended, threatened, harassed, or in any manner discriminated against in the terms and conditions of employment by an employer because of lawful acts done by the employee." See Mattes v. Johns Hopkins University, 139 F.3d 891 (4th Cir. 1998) (unpublished). Plaintiff does not allege an employment relationship with any Defendant, so he fails to state a claim under § 1031 as a matter of law. He also cannot

allege facts that would bring him within § 1031's narrow whistleblower category, rendering amendment futile.³ See ManorCare of Easton PA LLC v. Estate of Nagy, No. 13-CV-5957, 2017 WL 4347624, at *4-5 (E.D. Pa. Sept. 29, 2017) (unpublished) (dismissing with prejudice pro se plaintiffs' claims under 18 U.S.C. § 1031 where they failed to allege that they were, or ever had been, employees of the defendants, as required under the statute). Accordingly, any claim purportedly brought under § 1031 must be dismissed with prejudice.

### B. "China Owned / Shell Companies" Cannot Give Rise to a Private Civil Claim or Serve as a Basis for Relief

"China Owned / Shell Companies" does not correspond to any federal statute, regulation, or cause of action and therefore cannot give rise to a private civil claim or serve as a basis for relief. Because Plaintiff identifies no legal duty, statutory right, or actionable federal provision connected to this phrase, any purported claim arising from it must be dismissed with prejudice.

### C. Plaintiff's Allegations are Insufficient to State Any Plausible Claim for Relief

Even when liberally construed, Plaintiff's Complaint fails to state a claim upon which relief can be granted. The overarching allegation, that Defendants engaged in "fraud schemes with China," is unsupported by any factual matter. The remaining allegations are unintelligible or appear to reflect an attempt to pursue criminal charges against Defendants on behalf of the United States rather than assert a cognizable civil claim. Because Plaintiff offers no coherent, well-pleaded facts that could plausibly establish any entitlement to relief, the Complaint does not satisfy Rule 8 or the plausibility standard required by Twombly and Iqbal.

---

³ It is within the district court's discretion to dismiss a complaint with prejudice. *Doe v. Univ. of N.C. Sys.*, No. 1:23-CV-00041, 2024 WL 1564706, at *2 (W.D.N.C. Apr. 10, 2024) (unpublished) (citing *Adbul-Mumit v. Alexandria Hyundai, LLC*, 896 F.3d 278, 292 (4th Cir. 2018)). Leave to amend should be refused in situations of "undue delay, bad faith, or dilatory motive on the part of the movant, . . . [or] futility of amendment." *See Glaser v. Enzo Biochem, Inc.*, 126 F. App'x 593, 602 (4th Cir. 2005) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

## CONCLUSION

For the foregoing reasons, Apple Inc. respectfully requests that the Court dismiss Plaintiff's Complaint with prejudice.

**This the 24th day of November, 2025.**

/s/ *Luke P. Sbarra*
**LUKE P. SBARRA**
**NC State Bar No. 29429**
**Hedrick Gardner Kincheloe & Garofalo, LLP**
**4201 Congress Street, Suite 300**
**Charlotte, NC 28209**
**Phone: 704-319-5443**
**Fax: 704-602-8067**
**lsbarra@hedrickgardner.com**

/s/ *Danielle K. Kaminski*
**DANIELLE K. KAMINSKI**
**NC State Bar No. 63679**
**Hedrick Gardner Kincheloe & Garofalo, LLP**
**4201 Congress Street, Suite 300**
**Charlotte, NC 28209**
**Phone: 704-319-5443**
**Fax: 704-602-8067**
dkaminski@hedrickgardner.com
*Attorneys for Defendant Apple Inc.*

## CERTIFICATE OF WORD COUNT

Pursuant to the Court's Standing Order Governing Civil Case Management, the undersigned counsel hereby certifies, subject to Rule 11, that this Memorandum of Law complies with the Court's 4,500-word limitation for memoranda submitted in support of preliminary motions.

**This the 24th day of November, 2025.**

>/s/ *Luke P. Sbarra*
>**LUKE P. SBARRA**
>**NC State Bar No. 29429**
>
>/s/ *Danielle K. Kaminski*
>**DANIELLE K. KAMINSKI**
>**NC State Bar No. 63679**

## CERTIFICATE OF COMPLIANCE WITH COURT ORDER
## AS TO USE OF ARTIFICIAL INTELLIGENCE

I hereby certify that the foregoing document complies with the Order issued by the Court on June 18, 2024, as to the use of artificial intelligence (AI) in briefs or memorandums as follows:

1. No artificial intelligence was employed in doing research for the preparation of this document, with the exception of such artificial intelligence embedded in the standard on-line legal research sources Westlaw, Lexus, FastCase, and Bloomberg;

2. Every statement and every citation to an authority contained in this document has been checked by an attorney in this case and/or paralegal working at his/her direction (or the party making the filing if acting pro se) as to the accuracy of the proposition for which it is offered, and the citation to the authority provided.

**This the 24th day of November, 2025.**

/s/ *Luke P. Sbarra*
LUKE P. SBARRA
NC State Bar No. 29429

/s/ *Danielle K. Kaminski*
DANIELLE K. KAMINSKI
NC State Bar No. 63679

**CERTIFICATE OF SERVICE**

I hereby certify that on this 24th day of November, 2025, I electronically filed the foregoing *Memorandum of Law in Support of Motion to Dismiss* using the Court's NextGen CM/ECF system, which caused service on all counsel of record. I further certify that I served Plaintiff via First Class, United States Mail and E-Mail as follows:

Jarin M. Wray
4401 Barclay Downs Dr.
Unit 613
Charlotte, NC 28209
Jarin.m.wray@gmail.com
*Pro se Plaintiff*

**This the 24th day of November, 2025.**

/s/ *Luke P. Sbarra*
**LUKE P. SBARRA**
**NC State Bar No. 29429**

/s/ *Danielle K. Kaminski*
**DANIELLE K. KAMINSKI**
**NC State Bar No. 63679**