# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
## 3:25-CV-874-FDW-SCR

| | |
|---|---|
| JARIN M. WRAY,<br><br>**Plaintiff,**<br><br>v.<br><br>APPLE INC., ET AL.,<br><br>**Defendant.** | **DEFENDANT AMAZON.COM, INC.'s<br>MEMORANDUM OF LAW<br>IN SUPPORT OF<br>ITS MOTION TO DISMISS** |

Defendant Amazon.com, Inc. ("Amazon"), by and through its undersigned counsel and pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, LCvR 7.1, and the Initial Standing Order entered in this case, respectfully submits this memorandum of law in support of its Motion to Dismiss the Complaint filed by Plaintiff Jarin M. Wray ("Plaintiff"). As set forth more fully below, dismissal with prejudice is appropriate here because the Court lacks subject matter jurisdiction over Plaintiff's purported causes of action and because Plaintiff has failed to state a claim upon which relief can be granted.

## SUMMARY

In this action, *pro se* Plaintiff asserts purported civil claims against Amazon and three other corporate defendants for alleged violations of 18 U.S.C. §§ 1014, 1031, 1344, and 1956—all criminal statutes. As a matter of law, Plaintiff's claims cannot stand. None of the cited statutes provides for a private right of action by which Plaintiff may seek to enforce the statute.[1] Furthermore, it is well-settled that a private citizen does not have standing to bring criminal charges

---

[1] 18 U.S.C. § 1031(h) provides employee whistleblowers with a limited civil remedy, but that employee whistleblower provision is not invoked by, nor does it apply to, Plaintiff.

on behalf of the United States. Accordingly, this Court does not have subject matter jurisdiction over this action.

Furthermore, Plaintiff asserts no factual allegations specific to Amazon or any of the other defendants. Instead, the Complaint consists of unsupported assertions of a grand, national fraud scheme allegedly linked to China and seeks, among other things, $50 million in damages and a Court order to "[t]ransfer entities, bank accounts, and stock asset ownership for all live and physical locations." The Complaint's nebulous allegations and absurd requests for relief all indicate a degree of frivolity that far exceeds the liberal requirements for *pro se* pleadings. Whether because of these nebulous allegations or the failure to assert any cognizable, let alone plausible, claim for civil relief, Plaintiff fails to state a claim upon which relief may be granted. This also warrants dismissal of the Complaint with prejudice.

## PROCEDURAL AND FACTUAL BACKGROUND

On October 30, 2025, Plaintiff filed a *pro se* complaint naming as defendants Amazon, Apple Inc. ("Apple"), Tesla Inc. ("Tesla"), and Meta Platforms, Inc. ("Meta"). Plaintiff appears to bring purported claims against all defendants for "False Statements" under 18 U.S.C. § 1014, "Bank Fraud" under 18 U.S.C. § 1344, "Major Fraud Against the United States" under 18 U.S.C. § 1031, and "Laundering of Monetary Instruments" under 18 U.S.C. § 1956. Dkt. No. 1 p. 3. Plaintiff also appears to list another claim described as only, "China Owned / Shell Companies," with no associated statute or other legal authority. *Id.* Plaintiff appears to base these claims on the allegations that the defendants "were engaged in fraud schemes with China," and had "successfully executed business fraud schemes in China's interest against the U.S." *Id.* p. 4. Otherwise, Plaintiff alleges, *inter alia*, that "[t]he American judiciary system failed to detect the fraud in real time," and that the "[r]oot cause is the business entity analysis was not complete for

previous cases to verify funds are American, not China linked." *Id.* Plaintiff does not make allegations specific to any individual defendant.

Plaintiff seeks various purported forms of relief, including, "[i]mmediate payment of $50M," "[d]issolve all shell entities," and "[w]eekly status report until complete," though he does not assert any legal grounds for any relief requested. *Id.* Plaintiff also states, "[n]o criminal prosecution, this settlement/case is to never be criminally charged or prosecuted," and then appears to request of the Court, "if such actions occur, immediately reject the case, dismiss the case, or grant a Presidential pardon without objection." *Id.* p. 5. As with his purported factual allegations, Plaintiff does not single out any of the defendants in his requests for relief, nor does he seek distinct relief from any particular defendant. *Id.*

## ARGUMENT

## (INCORPORATED BY REFERENCE)

On November 24, 2025, Apple filed a motion to dismiss Plaintiff's complaint with prejudice as to Apple for lack of subject matter jurisdiction and failure to state a claim upon which relief may be granted. Dkt. No. 4. Apple also submitted a memorandum of law in support of its motion to dismiss. Dkt. No. 5. Amazon has reviewed Apple's memorandum of law and the authorities cited therein, and concurs with Apple's arguments. Due to Plaintiff having asserted identical allegations and causes of action as to both Amazon and Apple, Amazon therefore contends that its motion to dismiss should be granted for reasons stated in Apple's memorandum of law. Accordingly, Amazon hereby incorporates by reference the "Legal Standards" and "Argument" sections set forth in Apple's memorandum of law, Dkt. No. 5 pp. 3–10, and requests that those arguments be applied fully to Amazon in consideration of Amazon's motion to dismiss.

Additionally, Amazon notes that Judge Cogburn has recently dismissed two other *pro se* lawsuits filed by Plaintiff against other parties. In both cases, Plaintiff raised purported causes of action under the same criminal statutes in Title 18 of the United States Code that Plaintiff references here. Because he found that these statutes provide no private right of action, Judge Cogburn dismissed both other lawsuits for lack of subject matter jurisdiction and failure to state a legal claim for which Plaintiff would be entitled to relief. *See Wray v. Universal Music Group, Inc., et al.*, No. 3:25-cv-866-MOC-SCR, Order, Dkt. No. 3 (W.D.N.C. Nov. 26, 2025); *Wray v. MQMF Charlotte Southpark, LLC, et al.*, No. 3:25-cv-864-MOC-SCR, Order, Dkt. No. 3 (W.D.N.C. Nov. 26, 2025). For the same reasons, this Court should dismiss Plaintiff's Complaint here.

## **CONCLUSION**

For the foregoing reasons and those stated in Apple's memorandum of law, which Amazon adopts and incorporates by reference, Amazon respectfully requests that the Court dismiss Plaintiff's Complaint with prejudice.

Respectfully submitted, this the 8th day of December, 2025.

K&L GATES LLP

*/s/ Nathan A. Huff*
Nathan A. Huff
N.C. State Bar No.: 40626
nate.huff@klates.com
Jared M. Burtner
N.C. State Bar No.: 51583
jared.burtner@klgates.com
430 Davis Drive, Suite 400
Morrisville, NC 27560
Telephone: (919) 314-5636
Facsimile: (919) 516-2045

*Counsel for Defendant Amazon.com, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing document using the Court's CM/ECF system, which will effect service upon all counsel of record and upon Plaintiff pursuant to his Request to Receive Electronic Notification, Dkt. No. 2.

This the 8th day of December, 2025.

                                                                                             */s/ Nathan A. Huff*
                                                                                             Nathan A. Huff
                                                                                             N.C. State Bar No.: 40626