# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
## CASE NO. 3:25-CV-00874-FDW-SCR

| | | |
|---|---|---|
| JARIN M. WRAY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| APPLE INC. ET AL., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**THIS MATTER** is before the Court *sua sponte* following the Motions to Dismiss filed by Defendants Apple Inc. and Meta Platforms, Inc. (Doc. Nos. 4, 7.) Defendants' motions seek dismissal pursuant to Rules 12(b)(1), (2), and (6) of the Federal Rules of Civil Procedure. Plaintiff, who appears *pro se* in this matter, has a right to respond to the dispositive motions.[1] In accordance with the principles set forth in Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the Court advises Plaintiff, who is proceeding *pro se*, of the burden she carries in responding to Defendants' motions. The Court also advises Plaintiff that failure to respond may result in dismissal of the Complaint.

---

[1] The Fourth Circuit did not hold in Roseboro that such notice is required for motions to dismiss. Rather, the Fourth Circuit's discussion in Roseboro regarding notice was directed to summary judgment motions. See Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975) ("We agree with the plaintiff, however, that there is another side to the coin which requires that the plaintiff be advised of his right to file counter-affidavits or other responsive material and alerted to the fact that his failure to so respond might result in the entry of summary judgment against him."); see also Norman v. Taylor, 25 F.3d 1259, 1261 (4th Cir. 1994) ("In Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), this circuit held that pro se plaintiffs must be advised that their failure to file responsive material when a defendant moves for summary judgment may well result in entry of summary judgment against them."). Nevertheless, courts routinely issue Roseboro notices for motions to dismiss, and the Court does so here.

## Fed. R. Civ. P. 12(b)(1)

Defendants move to dismiss Plaintiff's Complaint pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, asserting that Plaintiff has failed to establish subject-matter jurisdiction based on either federal question or diversity of citizenship. Rule 12(b)(1) provides for dismissal of all claims against a defendant where the Court lacks jurisdiction over the subject matter of the lawsuit. Lack of subject-matter jurisdiction may be raised at any time, either by a litigant or by the Court. Mansfield, C. & L.M.R. Co. v. Swan, 111 U.S. 379, 382 (1884). The ability of the Court to independently address subject-matter jurisdiction is important to finality because a litigant, even one who remains silent on the issue of jurisdiction, may wait until they receive an adverse judgment from a district court and raise the issue of subject matter jurisdiction for the first time on appeal, thereby voiding the judgment. Capron v. Van Noorden, 6 U.S. (2 Cranch) 126, 127, 2 L.Ed. 229 (1804). The Federal Rules of Civil Procedure anticipate this issue and provide that "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court *must* dismiss the action." Fed. R. Civ. P. 12(h)(3) (emphasis added). The party seeking federal jurisdiction has the burden of proving that subject matter jurisdiction exists. Richmond, Fredericksburg & Potomac R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991). Thus, Plaintiff bears the burden of proving that this Court does have jurisdiction over this action.

## Fed. R. Civ. P. 12(b)(2)

Defendant Meta Platforms, Inc. moves to dismiss Plaintiff's Complaint for lack of personal jurisdiction, pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure. The issue of personal jurisdiction is to be resolved by a judge with the burden on the plaintiff to show beyond a preponderance of the evidence that the court has justification for exercising jurisdiction. Combs v. Bakker, 886 F.2d 673, 676 (4th Cir. 1989) (citation omitted). In sum, the burden on the plaintiff

is to make a prima facie showing of a sufficient jurisdictional basis in order to survive the jurisdictional challenge. Id.

### Fed. R. Civ. P. 12(b)(6)

Defendants move to dismiss the Complaint for failure to state a claim for relief pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiff must show in her response to Defendant's motion that the Complaint contains sufficient allegations to support a cause of action against Defendants. In order to survive a 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted, Plaintiff's "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft, 556 U.S. at 678 (citing Bell Atl. Corp., 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads sufficient factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft, 556 U.S. at 678 (citing Bell Atl. Corp, 550 U.S. at 556). While the Court accepts plausible factual allegations in the complaint as true and considers those facts in the light most favorable to a plaintiff in ruling on a motion to dismiss, a court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship, 213 F.3d 175, 180 (4th Cir. 2000). A court cannot "'accept as true allegations that contradict matters properly subject to judicial notice or by exhibit.'" Venev v. Wyche, 293 F.3d 726, 730 (4th Cir. 2002) (citing Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001)).

### Deadline to Respond

The Court recognizes that Plaintiff's responses to Defendants' motions to dismiss are currently due on December 8, 2025, and December 12, 2025, and that Defendant has already filed a response to Apple Inc.'s motion to dismiss. (Doc. Nos. 4, 7, 10.) However, in light of the

principles outlined in Roseboro, Plaintiff is advised that she has until **December 22, 2025**, to file responses to Defendants' motions in light of the above standards. Plaintiff's responses must be properly served on Defendants and must include a certificate of service indicating the manner in which Plaintiff served Defendants. Defendants shall have fourteen (14) days after the filing of any responses by Plaintiff to submit a reply. **<u>Plaintiff's failure to respond may result in Defendants being granted the relief they seek—that is, dismissal of the Complaint.</u>**

      **IT IS THEREFORE ORDERED** that Plaintiff may respond to Defendants' Motions to Dismiss, (Doc. Nos. 4, 7), **on or before December 22, 2025.**

      **IT IS SO ORDERED.**

Signed: December 5, 2025

Frank D. Whitney
Senior United States District Judge